UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ISABEL CASTILLO, *individually and as next friend of NC, a minor child,* | § § § | |
| *Plaintiff,* | § § § | |
| v. | § § | Civil Action No. 3:26-CV-0658-X |
| IRVING INDEPENDENT SCHOOL DISTRICT, et al., | § § § § | |
| *Defendants.* | § § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendants Irving Independent School District (IISD), Jessica Rodges (Rodges), Maria Mendoza (Mendoza), Annette Hinojosa (Hinojosa), Patricia Juarez (Juarez), and Brittany Phillips's (Phillips) (the individuals as "Individual Defendants") (collectively, "Defendants") motion for reconsideration of the Court's Order (Motion). (Doc. 9). After reviewing the record and applicable law, the Court **DENIES** Defendants' Motion.

## I.     Procedural Background

Plaintiff Isabel Castillo initially brought suit for various federal claims against IISD and for various state tort claims against both IISD and the Individual Defendants.[1]   Defendants moved to dismiss.[2]   Castillo then filed an amended

---

[1] Doc. 1-1.

[2] Doc. 4.

complaint asserting only federal claims against IISD, Rodges, and Mendoza.[3] Because the amended complaint became the operative pleading, the Court denied the motion to dismiss as moot.[4]  Defendants now move for reconsideration of that Order, seeking sanctions, attorneys' fees, and an Order barring Castillo from asserting claims against the Individual Defendants.[5]

## II.    Legal Standard

Because the Court's Order was not a final judgment, Federal Rule of Civil Procedure 54(b) governs the Court's analysis.[6]  Rule 54(b) states that:

> [A]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.[7]

Under Rule 54(b), a "trial court is free to reconsider and reverse its decision for any reason it deems sufficient."[8]  "Although the precise standard for evaluating a motion to reconsider under Rule 54(b) is unclear, whether to grant such a motion rests within the discretion of the court."[9]  The court "possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause

---

[3] Doc. 7.

[4] Doc. 8.

[5] Doc. 9.

[6] *McClendon v. United States*, 892 F.3d 775, 781 (5th Cir. 2018).

[7] FED. R. CIV. P. 54(b).

[8] *Austin v. Kroger Tex., L.P.*, 864 F.3d 326, 336 (5th Cir. 2017) (cleaned up).

[9] *Dos Santos v. Bell Helicopter Textron, Inc.*, 651 F. Supp. 2d 550, 553 (N.D. Tex. 2009) (Means, J.) (cleaned up).

seen by it to be sufficient."[10]

### III.   Analysis

Defendants argue three issues warrant the Court's reconsideration.   Each argument fails.  The Court addresses each in turn.

First, Defendants ask the Court to "reconsider sanctions for bringing frivolous claims against IISD based on Texas Education Code section 11.161."[11]   But that statute requires that "the suit or proceeding is dismissed or judgment is for the defendant"[12] before the Court may consider awarding attorneys' fees.  And fees are discretionary.[13]

Here, there was no dismissal of suit against IISD or judgment in its favor.  And in the Court's discretion, it would not award fees even if the statute applied. Accordingly, the Court denies Defendants' request for sanctions under § 11.161.

Second, Defendants next contend that the Individual Defendants are immune from suit under Texas Education Code § 22.0511(a) and are thus entitled to attorney's fees as a matter of law.[14]   Section 22.0517 states:

> In an action against a professional employee of a school district involving an act that is incidental to or within the scope of duties of the employee's position of employment and brought against the employee in the employee's individual capacity, the employee is entitled to recover

---

[10] *S.E.C. v. Cuban*, 2013 WL 1091233, at *2 (N.D. Tex. Mar. 15, 2013) (Fitzwater, C.J.) (cleaned up).

[11] Doc. 9 at 2.

[12] TEX. EDUC. CODE ANN. § 11.161(a)(2).

[13] *See Hernandez v. Duncanville Sch. Dist.*, No. 3:04-CV-2028-BH(B), 2006 WL 1140665, at *23 (N.D. Tex. Apr. 27, 2006) ("The decision to award attorneys' fees under § 11.161 is discretionary.").

[14] *Id.* at 2–3.

attorney's fees . . . if the employee *is found immune* from liability under this subchapter.[15]

This argument fails because the Court did not find Individual Defendants immune. The cases Defendants cited, which involved trial-court findings of immunity under the statute, are inapposite.[16] The Court did not make that finding here. Thus, the Court rejects that this basis warrants reconsideration.

Third, and finally, Defendants argue that Castillo "should not be permitted to amend and bring causes of action against any Individual Defendant named in the Original Petition" because Texas Civil Practice and Remedies Code §§ 101.106(a)–(b), (e) bars the claims.[17] Only § 101.106(e) applies because the original suit was filed "against *both* a governmental unit and any of its employees,"[18] rather than against only the governmental unit[19] or its employees.[20]

"The role of subsection (e) . . . is to ensure that tort claims within the purview of the [Texas Tort Claims] Act do not proceed against a government employee for conduct within the scope of his employment[.] . . . But those provisions simply do not

---

[15] TEX. EDUC. CODE ANN. § 22.0517 (emphasis added).

[16] *See* Doc. 4 at 27; *See e.g. Ward v. Theret*, 346 S.W.3d 672, 676 (Tex. App.—El Paso 2009, no pet.) ("The trial court's findings of fact and conclusions of law specifically state that Ms. Theret was entitled to attorney's fees pursuant to Section 22.0517."); *Burgi v. Hartman*, No. 04-17-00501-CV, 2018 WL 3265041, at *3–4 (Tex. App.—San Antonio July 5, 2018, no pet.) (holding that the trial court did not err in awarding attorneys' fees under section 22.0517 when it had granted the defendant summary judgment based on statutory immunity under Section 22.0511(a)).

[17] Doc. 9 at 3.

[18] TEX. CIV. PRAC. & REM. CODE ANN. § 101.106(e) (emphasis added); *see* Doc. 1-1.

[19] *Id.* § 101.106(a).

[20] *Id.* § 101.106(b).

apply to claims against the employee individually that are outside the Act's scope."[21] Moreover, § 101.106(e) "does not prohibit a plaintiff from amending her petition in accordance with applicable procedural rules to assert claims that are not brought under the [Texas Tort Claims Act]."[22]

Here, Castillo's amended complaint asserts claims under Title IX and 42 U.S.C. § 1983, not the Texas Tort Claims Act.[23]  Accordingly, § 101.106 does not bar those claims.  The Court denies Defendants' request to reconsider its denial as moot Defendants' request to bar all claims against the Individual Defendants.

### IV.   Conclusion

Accordingly, the Court **DENIES** Defendants' Motion.

**IT IS SO ORDERED** this 14th day of July, 2026.

BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

---

[21] *Texas Dep't of Aging & Disability Servs. v. Cannon*, 453 S.W.3d 411, 418 (Tex. 2015) (cleaned up).

[22] *Johnson v. Crosby Elementary Sch.*, No. 3:23-CV-2010-B, 2024 WL 3641752, at *3 (N.D. Tex. Aug. 2, 2024) (cleaned up).

[23] *See* Doc. 7 ¶¶ 35–65.